UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Gislene Gomes Rodrigues</u>

    v.                                  Civil No. 26-cv-136-LM-TSM
                                         Opinion No. 2026 DNH 017 P

<u>Christopher Brackett, et al.</u>

**O R D E R**

In an order dated March 2, 2026, the court granted Gislene Gomes Rodrigues's habeas petition and ordered respondents to provide her with a constitutionally adequate bond hearing before an immigration judge (IJ) within 7 days. That hearing is currently scheduled to occur on March 5, 2026, in Chelmsford, Massachusetts. On today's date, respondents provided notice that they intend to transfer petitioner to the Eloy Detention Center in Eloy, Arizona "in no less than 72 hours." Doc. no. 5. Petitioner objects and seeks a court order enjoining respondents from transferring her from the District of New Hampshire.

Respondents admit that — earlier in the case — they had transferred petitioner to Louisiana and had to return her after receiving this court's initial order barring them from transferring her out of the District without notice. <u>See</u> doc. no. 4 at 1. Now, respondents seek to transfer petitioner hundreds of miles away from her counsel and family while her petition is still before this court.

Prior to her detention, petitioner resided in Danvers, Massachusetts. Petitioner has counsel from Marlborough, Massachusetts, and is currently in the process of preparing for her March 5 bond hearing. Petitioner has a statutory right

to select her own counsel. See 8 U.S.C. § 1362 ("In any removal proceedings before an immigration judge . . . the person concerned shall have the privilege of being represented (at no expense to the government) by such counsel . . . as he shall choose"). The First Circuit has described § 1362 as an "integral part" of due process. Zeru v. Gonzales, 503 F.3d 59, 72 (1st Cir. 2007) (citation omitted). Thus, under First Circuit law, petitioner has both a statutory and constitutional right to counsel now and at the upcoming bond hearing. See Sintuj v. Stamper, No. 2:26-CV-00027-JAW, 2026 WL 232313, at *5-6 (D. Me. Jan. 28, 2026). At the scheduled bond hearing, the IJ must assess petitioner's risk of flight. See Hernandez Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). The evidence of her family ties (and other ties to this area) will be crucial to a meaningful and constitutionally adequate bond hearing.

Respondents' proposed transfer would substantially interfere with petitioner's access to counsel and undermine her ability to meaningfully litigate her habeas petition and bond hearing. Courts have recognized that detainees have a fundamental constitutional right to access counsel and restricting that access is a constitutional violation. See Sintuj, 2026 WL 232313, at *5-6 (ordering government to return noncitizen to district where habeas petition was filed to in order to allow petitioner to access local counsel); Cruz-Santana v. Gonzalez-Ramos, No. CV 26-1028 (GMM), 2026 WL 172520, at *5 (D.P.R. Jan. 22, 2026) (barring the government from transferring a detainee from Puerto Rico to a detention facility on the mainland because of "grave concerns as to his [due process] right to access to counsel").

Many federal courts have found that the All Writs Act, 28 U.S.C. § 1651,[1] and courts' inherent equitable powers allow courts to prevent the government from transferring a petitioner outside of their jurisdiction in order to facilitate resolution of habeas petitions. See, e.g., Ozturk v. Trump, 779 F. Supp. 3d 462, 496 (D. Vt.), amended sub nom. Ozturk v. Hyde, 136 F.4th 382 (2d Cir. 2025); L. S. M. v. Genalo, No. 26-CV-00942 (JAV), 2026 WL 305208, at *1 (S.D.N.Y. Feb. 4, 2026); Arostegui-Maldonado v. Baltazar, 794 F. Supp. 3d 926, 945, 948 (D. Colo. 2025), appeal docketed, No. 25-1377 (10th Cir. Oct. 1, 2025); Oliveros v. Kaiser, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-11 (N.D. Cal. Sept. 18, 2025); Perez y Perez v. Noem, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025).

Moreover, petitioner alleges that the conditions at the Eloy Detention Center raise constitutional concerns. Her brief includes allegations that multiple reports and investigations have documented claims of medical neglect, abusive practices, and inhumane conditions at that facility. Doc. no. 6 at 2. In her original petition, petitioner requested that the court "issue a restraining order to prevent petitioner from being transferred from the state of New Hampshire for the duration of these proceedings." Doc. no. 1 at 2.

The court finds that due process requires such an order. Accordingly, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the courts' inherent equitable

---

[1] The All Writs Act empowers courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

powers, respondents are ordered not to transfer petitioner until such time as the court closes petitioner's case.

    SO ORDERED.

                                            _____
                                            Landya McCafferty
                                            United States District Judge

March 3, 2026

cc:    Counsel of Record